IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD DAVIS,

                                                          ORDER

                   Petitioner,

                                                    08-cv-584-slc[1]

      v.

ROCK COUNTY SHERIFF ROBERT SPODEN,
CHIEF DEPUTY BARBRA TILLMAN, C.O.
SCHILT, SGT. BEYER, SGT. BURDICK, SGT.
LALOR, SGT. SPRECHER, LT. RUSS STEEBER,
SGT. MUGHANI, C.O. CRAIG WEBERG, C.O.
MICHAEL SCHAUER, C.O. KRAHN, C.O.
SIMON, C.O. TAPP, C.O. TECHMEIER, R.N.
THAD, C.O. CLEASBY, C.O. VANDENBUREN,
RECORDS OFFICE MS. J and KLUSMEYER,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD DAVIS,

                                                         ORDER

                   Petitioner,

                                                     09-cv-45-slc

      v.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  For the purpose of issuing this order only, I am assuming jurisdiction over these cases.

1

ROCK COUNTY SHERIFF SPODEN
and Lt. JUDE MAURER,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 2, 2008, petitioner Donald Davis, a prisoner at the Rock County jail in Janesville, Wisconsin, submitted a proposed complaint and requested leave to proceed in forma pauperis in case no. 08-cv-584-slc. However, there have been numerous delays in considering the merits of his claims because petitioner has had difficulties obtaining a trust fund account statement and making an initial partial payment. After the court granted petitioner an extension of time to submit a trust fund account statement, he finally did so on November 13, 2008. On November 25, 2008, the court assessed an initial partial payment of $.08. On December 18, 2008, petitioner filed a motion for reconsideration of the initial partial payment assessment, stating that he was unable to pay the filing fee because he had no monthly income. He stated further that the only payment made to his account (which accounted for the .08 initial partial payment) was a June 30, 2008 deposit to his account that was immediately taken to pay a past debt. On December 29, 2008, the court granted petitioner an extension of time until January 20, 2009, in which either to pay an initial partial payment of $.08, or to submit a trust fund account statement beginning July 1, 2008 and ending January 1, 2009, showing that he has had no deposits to his account during that entire period. Petitioner failed to do either of these things, but, in another case

2

filed in this court, case no. 09-cv-2-bbc, he submitted a trust fund account statement covering approximately this six-month period, showing he has no means with which to pay an initial partial payment. Therefore, on January 29, 2009, the court took his complaint under advisement for screening under 28 U.S.C. § 1915(e)(2), and the merits of this case can finally be considered.

However, there is another issue to resolve. On January 22, 2009, petitioner submitted a document titled "Writ of Mandamus," leaving the case number line blank on the document. In this document, petitioner asked for an order directing the Rock County Sheriff to provide him with copies of his trust fund account statement. This document was opened erroneously as a new case, case no. 09-cv-45-slc. It appears that this document is more appropriately characterized as a motion for injunctive relief in case no. 08-cv-584-slc, and therefore should be docketed in that case. Castro v. United States, 540 U.S. 375 (2003) (federal courts sometimes ignore legal label that pro se litigant attaches to motion and recharacterize motion). Therefore I will direct the clerk of court to close case no. 09-cv-45-slc and insure that the court's financial records reflect that petitioner does not owe the $350 fee for filing that case.

In addressing petitioner's motion for injunctive relief in case no. 08-cv-584-slc, I conclude that his request is moot because the court has already considered his trust fund account statement submitted in case no. 09-cv-2-bbc and concluded he has no means with

3

which to pay an initial partial payment. Therefore the court does not require further financial information from petitioner.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to close case no. 09-cv-45-slc and insure that the court's financial records reflect that petitioner does not owe the $350 fee for filing that case.

2. Petitioner's motion for injunctive relief in case no. 08-cv-584-slc is DENIED as moot.

Entered this 6th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge